# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 3:22 CR 219 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MARQUES FLOYD,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

Currently pending before the Court in this case is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 108). The Government in response moves this Court to dismiss the motion without prejudice for lack of jurisdiction. (Doc. 109). Upon review, the Court grants the Government's motion.

## DISCUSSION

In April 2023, Defendant Marques Floyd was charged in a six-count superseding indictment. (Doc. 32). In March 2024, he entered into a binding plea agreement pursuant to Federal Criminal Rule 11(c)(1)(C) by which he pled guilty to all six counts. (Doc. 71). On August 22, 2024, this Court sentenced Floyd to a total of 308 months' imprisonment. (Doc. 92) (Judgment). On August 26, 2024, Plaintiff filed a timely notice of appeal. (Doc. 94). On March 13, 2025 (subsequent to the Government's pending motion to dismiss filing), the Sixth Circuit affirmed this Court's judgment. *United States v. Floyd*, No. 24-3756 (6th Cir.).

On February 3, 2025, the currently-pending Motion was filed with this Court. (Doc. 108). On the signature line labeled "Signature of Movant", the Motion is signed "Antwan Henry." *Id.* at

14. But Antwan Henry[1] is not the movant here. Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires that a 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." And the relevant statute requires the same, that an application seeking a writ of habeas corpus be "signed a verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But to file under the "acting in his behalf" or "next friend" provision of the statute, such an individual must meet certain requirements:

> In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir.2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir.1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003). And as another court explained, a "next friend" habeas filing is not a means through which a non-attorney may engage in the practice of law:

> First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a

---

1. The Government notes that Henry does not appear to be a licensed attorney either; an inmate with this name is located at FCI Williamsburg – the same federal correctional institution where Floyd is currently housed. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp

> would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

*Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (footnote and citations omitted);

Thus, for Henry to pursue this § 2255 motion as a next friend, he must show Floyd cannot litigate his own cause due to "inaccessibility, mental incompetence, or other disability" and that he is "truly dedicated to the best interests" of Floyd. *Whitmore*, 495 U.S. at 163–64. "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted). Henry has not done so, nor is there any evidence in the record that Floyd is incompetent or otherwise incapable of pursuing his own action, or why he could not sign and verify the petition himself. Indeed, the § 2255 motion asks: "If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion." (Doc. 108, at 14). No explanation is provided and the Court has received no response to the Government's motion to dismiss. In addition, the Court notes that a § 2255 petitioner is generally limited to filing only one § 2255 motion in federal court. 28 U.S.C. § 2255(h). There is nothing in the record to indicate that Floyd authorized Henry authorization to file a § 2255 motion on his behalf. It. It would be unfair to allow an unauthorized motion by Henry to bar Floyd from pursuing his own § 2255 motion to vacate sentence.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that the Government's Motion to Dismiss Floyd's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 109) be, and the same hereby is, GRANTED and this matter is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(1).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2025
