# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**UNITED STATES OF AMERICA,**                    CASE NO. 3:22 CR 219

    Plaintiff,

    v.                                                      JUDGE JAMES R. KNEPP II

**MARQUES FLOYD,**
                                                              **MEMORANDUM OPINION AND**
    Defendant.                                     **ORDER**


## INTRODUCTION

Currently pending before the Court is Defendant Marques Floyd's Motion to Vacate under 28 U.S.C. § 2255. (Doc. 123). The Government filed a response in opposition (Doc. 126) and Floyd replied (Doc. 131). For the reasons set forth below, the Court denies Floyd's motion.

## BACKGROUND

Floyd was charged in a six-count Superseding Indictment on April 5, 2023. (Doc. 32). The Indictment charged: (1) conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); (2) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 2); (3) kidnapping, in violation of 18 U.S.C. § 1201(a)(1) and (2) (Count 3); (4) using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 4); (5) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 5); and (6) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 6). *Id.*

On March 28, 2024, Floyd pled guilty, pursuant to a binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, to all six of the charges. (Doc. 91) (Plea Agreement). A week prior, at a pretrial conference, the Government also summarized terms of the proposed agreement, including that it was a binding agreement and specifically that it would provide an agreed maximum sentence of 308 months. (Doc. 103, at 6-8). At that hearing, the Court further explained what a binding plea agreement was. *Id.* at 9-10.

In the final Agreement, the parties agreed Floyd's sentence should not exceed 308 months. *Id.* at 6. The Plea Agreement also contained a waiver of appeal and post-conviction attack, with specific limited exceptions:

> **WAIVER OF APPEAL AND POST-CONVICTION ATTACK**
> 19. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal history Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(Doc. 91, at 7-8).

At the change of plea hearing, the Court explained Floyd was waiving most appellate rights:

> THE COURT: If you went to trial and if you were convicted, you'd have the ability to take an appeal, okay. Even if you plead guilty here today, you'll still have some appellate rights, but you are waiving a lot of them in this Plea Agreement if you enter into it. There's certain appellate rights that you just can't waive, and those are things based on like your own attorney being ineffective, or the government

2

attorney engaging in misconduct, or me doing something out of bounds, you know, either above the guideline range or above the statute.
So there are certain appellate rights that you still have, but most of them you are waiving, okay; do you understand that?

THE DEFENDANT:  Yes, sir.

(Doc. 104, at 21-22). Also at the change of plea hearing, the Assistant United States Attorney

("AUSA") summarized the waiver paragraph in the Plea Agreement as follows:

Paragraph 19 is waiver of appeal. The defendant, through this agreement, agrees to waive any rights conferred upon [him] either through the appeals process or post-conviction except for the specific circumstances listed now. That is, any punishment exceeded - - I'm sorry, in excess of the statutory maximum. The maximum here is life, so that's - - so that's sort of not applicable. That any sentence to the extent it exceeds the sentencing guideline recommended by the parties. And that the defendant always has the right to appeal prosecutorial misconduct or ineffective assistance of counsel, defense counsel.

*Id.* at 39. After the AUSA summarized this and other provisions of the Plea Agreement, the Court

had the following colloquy with Floyd:

THE COURT: Is that all what you were thinking was going to be in there, Mr. Floyd?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Are you in a position to be able to make that deal with me where you put your initials at the bottom right corner of every page to tell me I understand every word on this page and I agree with it?

THE DEFENDANT: Yes, sir.

*Id.* at 41-42. Floyd then initialed each page, including the pages containing the waiver. *Id.* at 42;

Doc. 91, at 7-8.

The final presentence investigation report ("PSR") grouped Counts 1, 2, 5, and 6 for

Guidelines calculation purposes, but excluded Count 3 (kidnapping). (Doc. 85, at 7). Count 4

(using or carrying a firearm during and in relation to a drug trafficking crime) separately carried a

mandatory consecutive ten year sentence and was also excluded from grouping. *Id.* The PSR calculated Floyd's total offense level as 41 and his criminal history category of III. *Id.* at 10, 18. Floyd faced the following statutory penalties: Count 1 carried a minimum of 5 years and a maximum of 40 years; Count 2 carried a maximum of 20 years; Count 3 carried a maximum term of life; Count 4 carried a minimum of 10 years, maximum of life, to be served consecutively to any other term of imprisonment; Count 5 carried a minimum of 5 years, and a maximum of 40 years; and Count 6 carried a maximum of 10 years. *See id.* at 24. Floyd's Guidelines range based on a total offense level of 41 and criminal history category III was 360 months to life. *Id.* The Guideline for Count 4 was the 10 year minimum required by statute. *Id.*

On August 22, 2024, this Court accepted the Plea Agreement and sentenced Floyd to 308 months imprisonment. (Doc. 92); *see also* Doc. 99 (sentencing transcript). This sentence consisted of 188 months as to Counts 1, 2, 3, and 5 and 120 months as to Count 6, to be served concurrently with Counts 1, 2, 3, ant 5; and 120 months as to Count 4 to be served consecutively to all other counts. (Doc. 92, at 2). In its Statement of Reasons, the Court noted the sentence was below the Guideline range pursuant to the binding plea agreement. (Doc. 93, at 3).

Floyd filed a timely notice of appeal on August 26, 2024. (Doc. 94); *see United States v. Floyd*, No. 24-3756 (6th Cir.). On December 10, 2024, appellate counsel filed an *Anders* brief, stating that she found no non-frivolous issues to present, and moved to withdraw. The Sixth Circuit granted appellate counsel's motion on March 13, 2025, and affirmed this Court's judgment. In its Order, the court found Floyd's guilty plea and appeal waiver were knowing, intelligent, and voluntary and thus "preclude[d] . . . review of his conviction and sentence except as reserved." *United States v. Floyd*, No. 24-3756 (6th Cir. Mar. 13, 2025).

4

In the instant[1] Motion to Vacate, filed May 27, 2025, Floyd asserts two grounds for relief:

**GROUND ONE:**    Whether drug trafficking conspiracy under 21 USC § 846, an inchoate offense that fails to define the mandatory substantive elements qualifies as a Control[led] Substance Offense.

**GROUND TWO:**    Whether using and carrying a firearm in furtherance of a drug trafficking offense is criminalized by 18 U.S.C. § 924(c).

(Doc. 123, at 4, 6).

### STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* at § 2255(b). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

"A prisoner seeking relief under § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation modified). To obtain relief for an error of constitutional magnitude, a petitioner must establish that error "had a substantial and injurious effect or influence

---

1. While Floyd's direct appeal was pending, the Court received a § 2255 Motion to Vacate signed by Antwan Henry. (Doc. 108). The Court granted the Government's motion to dismiss the petition without prejudice as it was improperly filed. (Doc. 118). The Court later denied a motion for reconsideration filed by Floyd. (Doc. 122).

on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citation omitted); *see also id.* at 354.

In considering a petition under § 2255, the district court is required to conduct an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The petitioner's burden for obtaining a hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). But "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Where the judge considering the § 2255 petition also conducted the proceedings below, the judge may rely on his or her recollections of those proceedings. *See id.*

## DISCUSSION

Floyd brings two claims for relief. The Government contends (1) both are without merit, and (2) both are waived by the Plea Agreement. The Court agrees with the Government on both points.

### Waiver

"Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (quoting *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008)). And "[a] defendant may

waive any right, even a constitutional one, in a plea agreement, if he relinquishes that right knowingly and voluntarily." *Portis v. United States*, 33 F.4th 331, 334-35 (6th Cir. 2022) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)); *see also United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("[A] defendant in a criminal case may waive his right to appeal his sentence in a valid plea agreement."). "It follows that a defendant may waive his right to bring future postconviction challenges, which are not constitutionally required, so long as the waiver is knowing and voluntary." *Portis*, 33 F.4th at 335 (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).

Here, at the change of plea hearing, the Court explained Floyd was waiving most appellate rights (Doc. 104, at 21-22), and the AUSA's summary also accurately described the waiver in paragraph 19 of the Plea Agreement, *id.* at 39. Floyd agreed that he understood what was in the Agreement and initialed each page, including the ones containing the waiver. *Id.* at 41-42; Doc. 91, at 7-8. The Sixth Circuit has explained that such agreement, or a "'yes' answer generally suffices to show that a defendant acted in a knowing and voluntary way." *United States v. Ellis*, 115 F.4th 497, 502 (6th Cir. 2024) (citing *United States v. Jones*, 403 F.3d 817, 823 (6th Cir. 2005)). And, indeed, nowhere in Floyd's Motion or his Reply does he claim any lack of understanding or lack of voluntariness of this appellate and post-conviction attack waiver. *See* Docs. 123, 131. Moreover, on direct appeal, the Sixth Circuit (after reviewing counsel's *Anders* brief), affirmed Floyd's conviction, specifically citing the above exchanges at the plea colloquy and finding that "[t]he record shows that Floyd's guilty plea and waiver were knowing, voluntary, and intelligent." *United States v. Floyd*, No. 24-3756 (6th Cir. Mar. 13, 2025). It concluded that

the "appeal waiver is therefore valid and precludes our review of his conviction and sentences except as reserved." *Id.*

Moreover, such a waiver encompasses the claims Floyd wishes to raise here. The broad waiver Floyd signed had three exceptions: (1) a sentence in excess of the statutory maximum or in excess of the maximum sentencing range determined under the Sentencing Guidelines; (2) claims of ineffective assistance of counsel; and (3) prosecutorial misconduct. (Doc. 91, at 7-8). Floyd makes no such claims. The 308-month sentence was below both the statutory maximum of life imprisonment and below the Guideline sentencing range of 360 months to life. Floyd does not argue either ineffective assistance of counsel or prosecutorial misconduct in his grounds for relief. In Ground One, he challenges whether the conspiracy charge (Count 1) is a "controlled substances offense" and the sufficiency of the indictment on that basis. (Doc. 123, at 4-5). In Ground Two, Floyd challenges the sufficiency of the indictment on Count 4, using or carrying a firearm during and in relation to a drug trafficking crime. *Id.* at 6. The Sixth Circuit has specifically held "criminal defendants can both forfeit and waive this type of indictment challenge." *Ellis*, 115 F. 4th at 504 ("And Ellis's claim that the indictment failed to adequately allege a violation of § 924(c) goes only to the merits of the case. Ellis thus could waive this argument by entering into a plea agreement with an appeal waiver that covered it.") (citation modified).

The Court therefore finds Plaintiff's Motion to Vacate is barred by the waiver contained in his Plea Agreement and can be dismissed on that basis alone.

<u>Merits</u>

Even if the Court were to reach the merits of Floyd's claims, he would not be entitled to the relief he seeks.

*Ground One*

In Ground One, Floyd seemingly challenges his conviction on Count 1 of the indictment, conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. § 846. *See* Doc. 123, at 4-5. He contends this offense does not qualify as a "Control[led] Substance Offense" in the definition provided by United States Sentencing Guideline ("USSG") § 4B1.2. *Id.* at 4. He further contends that his conviction for conspiracy to distribute and possession with intent to distribute fentanyl and heroin "do[] not contain the necessary substantive elements to support conspiracy as a predicate offense." *Id.*

First, Floyd's reliance on § 4B1.2 is misplaced. USSG § 4B1.2, which relates to criminal history enhancements under the Guidelines for *prior* controlled substance offenses, was not used in this case. *See* Doc. 85 (PSR). Second, although Petitioner contends there is some defect in the indictment for failing to charge the elements of the conspiracy offense, he does not explain what is missing:

> [W]e see in the instant case the government failed to charge the elements of Conspiracy which fails to charge the offense and must be vacated in the interest of justice as it has created a manifest injustice.
> Specifically, the defendant must be placed on notice of the charges he must defend against in court, the indictment must allege all material elements of the offense thereby placing defendant on notice of the elements of the charge/offense he faces. A failure to establish the elemen[ts] of the offense charged violates defendant's due process. It is therefore, a baseless contention to suggest that conspiracy to distribute heroin and cocaine is a controlled substances[.] [T]o sum it up, the necessary substantive elements that make up the offense are missing thereby failing to charge the offense and must be vacated as a matter of law and fairness.

(Doc. 131, at 2-3). The Sixth Circuit has explained:

> Stated succinctly, a drug conspiracy requires the government to show that two or more individuals have agreed to violate a drug law (such as § 841(a)(1)'s ban on distributing drugs) and that the defendant knowingly and voluntarily entered into this agreement. This drug-conspiracy test comports with the usual understanding of

a "conspiracy," "the essence of which is an agreement to commit an unlawful act." *Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

*United States v. Wheat*, 988 F.3d 299, 306 (6th Cir. 2021) (citation omitted). Here, the Superseding

Indictment charged these elements:

> From in or around April 2021 to in or around May 2022, in the Northern District of Ohio, Western Division, and elsewhere, Defendant MARQUES FLOYD, did knowingly and intentionally combine, conspire, confederate, and with diverse others known and unknown to the Grand Jury, to distribute and possess with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

(Doc. 32, at 1). The Superseding Indictment then elaborated on the manner and means of the

conspiracy and acts in furtherance. *Id.* at 1-3. Contrary to Floyd's contention, therefore, the

Indictment charged the elements of the 21 U.S.C. § 846 offense.[2]

*Ground Two*

In Ground Two of his Motion, Floyd challenges his conviction under 18 U.S.C. § 924(c).

(Doc. 123, at 6). That statute provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime

---

2. The Government posits that Floyd may be confusing whether drug conspiracy is a "drug trafficking crime" as defined in the Sentencing Guidelines, rather than a "controlled substance offense." (Doc. 126). His Reply makes clear that he is not. In Reply, Floyd continues to argue conspiracy is not a "controlled substance offense" under § 4B1.2. *See* Doc. 131. If Floyd is arguing that drug conspiracy is not a "drug trafficking crime", he is also incorrect. *See* 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of Title 46."). Drug Conspiracy in violation of 21 U.S.C. § 846 is part of the Controlled Substances Act.

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). As Floyd alludes to, § 924(c) contains two distinct crimes: (1) using or carrying a firearm during and in relation to a drug trafficking crime or crime of violence; and (2) possessing a firearm in furtherance of the same. (Doc. 123, at 6); *see also Ellis*, 115 F.4th at 499-500 (6th Cir. 2024) ("Under our caselaw, § 924(c)'s language contains two different offenses: *both* 'using or carrying a firearm' 'during and in relation to' a 'crime of violence [or drug trafficking crime]' *and* 'possessing a firearm' 'in furtherance of' a 'crime of violence [or drug trafficking crime].'") (citation modified).

Floyd contends the indictment conflates the two separate offenses. However, as the Government correctly identifies, Count 4 of the Superseding Indictment in this case charged Floyd with only the elements of the first § 924(c) offense described above:

On or about July 10, 2021, in the Northern District of Ohio, Western Division, Defendant, MARQUES FLOYD, did *use or carry* and discharge a firearm, *during and in relatio*n to a drug trafficking crime, which may be prosecuted in a court of the United States . . .

(Doc. 32, at 4) (emphasis added).

In Reply, Floyd contends:

In the instant case the Rule 11 hearing did not clarify this duplicious [sic] charge. To the contrary the magistrate judge, during the hearing combined elements of the sep[a]rate use and carry and possession offense, expressly authorizing a conviction

for which Floyd pled guilty to us[]ing and carrying and possessing a firearm in furtherance of a drug trafficking crime.

(Doc. 131, at 3). However, at the change of plea hearing, the AUSA summarized this count as: "using or carrying a firearm during and in relation to a drug trafficking crime." (Doc. 104, at 15). When asking Floyd how he pled to this charge, the Court asked: "And what is your plea to Count 4 of the complaint [sic], using or carrying a firearm during and in relation to a drug trafficking crime?" *Id.* at 49. And, finally, the Plea Agreement expressly describes the offense as "Using or Carrying a Firearm During And In Relation to a Drug Trafficking Crime" in two places. (Doc. 91, at 2, 5). Floyd's second ground is therefore not well-taken.

Floyd's challenge to Counts 1 and 4 of the Superseding Indictment would therefore fail on the merits even if he could overcome the Plea Agreement waiver.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Floyd's Motion to Vacate (Doc. 123) be, and the same hereby is, DENIED;

FURTHER ORDERED that, because Floyd has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: December 2, 2025

12